```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                       SOUTHERN DIVISION
                           AT LONDON
```

**CIVIL ACTION NO. 2009-192 (WOB)**

**LORETTA J. VAUGHN**                                              **PLAINTIFF**

**VS.**                          <u>OPINION AND ORDER</u>

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

    This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 12) and the cross-motion for summary judgment of the defendant (Doc. 17).

    In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Blakley v. Commissioner of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Blakley*, 581 F.3d at 406. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." *Id.* (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

    In order to qualify for benefits, the claimant must establish that she is disabled within the meaning of the Social

                                1

Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. *Vance v. Commissioner of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (quoting *Heston v. Commissioner of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity." *Id.* (citing 20 C.F.R. 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, she must demonstrate that she suffers from a severe impairment. *Id.* "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Id*. at 804(citing 20 C.F.R. §§404.1520(c) and 416.920(c)). Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. *Id*. (citing 20 C.F.R. §§404.1520(d) and 416.920(d)). Fourth, claimant is not disabled if her impairment(s) does not prevent

2

her from doing her past relevant work. *Id*. Lastly, even if the claimant cannot perform her past relevant work, she is not disabled if she can perform other work which exists in the national economy. *Id.* (citing *Abbott*, 905 F.2d at 923).

The claimant has the burden of establishing that she is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy. *Id*. (quoting *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The claimant was thirty-nine years old at the time of the ALJ's decision. The claimant has her GED. She has past relevant employment as a cabinet grader, hand sander, sewing machine operator, factory laborer and painter for a fiberglass company. The claimant alleges that she became disabled on July 23, 2005, due to problems associated with rheumatoid arthritis. She also complains of depression.

At the hearing, the ALJ sought testimony from the claimant and a vocational expert. Upon hearing the testimony and reviewing the record, the ALJ performed the requisite five-step evaluation for determining disability.

In the case at bar, the ALJ determined at step one that claimant has not been engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that the claimant's rheumatoid arthritis is a severe impairment. At step three, the ALJ determined that, although the claimant has an impairment that is "severe," she does not have an impairment

3

that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1.

Prior to step four, the ALJ determined that the claimant had the residual functional capacity (RFC) to perform light work[1] with the following limitations: no more than occasional climbing, and no more than frequent handling, reaching in all directions, or pushing or pulling with both upper extremities. At step four, the ALJ, relying on the vocational expert, found that the claimant could not perform her past relevant work.

At step five, the ALJ, relying on the testimony of the vocational expert, determined that there are a significant number of jobs in the national economy that the claimant can perform, including: production laborer, 7,000 jobs in the state and 356,000 jobs in the nation; and production machine operator, 5,000 jobs in the state and 240,000 jobs in the nation. The ALJ, therefore, found that the claimant was not disabled.

The claimant argues that the ALJ erred in not according proper weight to her treating physician's RFC finding. The court, however, finds that the ALJ extensively analyzed the doctors' reports, both treating and consulting, and determined

---

[1] According to Social Security Administration regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

their credibility by looking at the objective medical records. The regulations provide that a treating physician's opinion will not be given controlling weight unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1527(d)(2). If an ALJ does not find a treating source's opinion to be entirely credible, the ALJ may reject it, provided that good reasons are specified. *Bogle v. Sullivan*, 998 F.2d 342, 347-49 (6th Cir. 1993).

Here, the claimant specifically argues that the ALJ failed to give good reasons for rejecting Dr. Roberts' assessment, which limited the claimant to less than an eight-hour work day, five days a week, rendering her disabled. In rejecting Dr. Roberts' assessment, the ALJ stated:

> Regarding Dr. Roberts' opinion that the claimant is unable to tolerate an 8-hour work-day, this opinion is given little weight because it is inconsistent with her own longitudinal treatment notes (documenting full range of motion, no pain on motion, no point tenderness and several times no swelling), the claimant's objective tests, other examining physician's reports and the claimant's daily activities.

(AR 18).

The court finds that the ALJ articulated clear reason why he discredited treating physician Dr. Roberts' physical assessment: he did not find the treating physician's sparse reasoning to be supported by the record and was inconsistent with his own treatment notes. The record supports this finding.

Specifically, Dr. Roberts' office notes evidence that, from 2004 to 2008, the claimant regularly treated with Dr. Roberts, or her associate, for musculoskeletal and joint complaints. Doctors

5

Roberts and Petrenko, however, consistently noted at each appointment that the claimant had a full range of motion, no pain on motion, no point tenderness, and was in no acute distress. (AR 19-98, 226-230, 299). In addition, the doctors also noted, on many visits, that the claimant had no swelling. (*Id*.). Further, the objective medical evidence demonstrated only mild impairment to the spine, which is not consistent with a disabling impairment. Specifically, a January 2007 radiologist report indicates tests revealed mildly osteopenic bones and some disc space narrowing at the L5-S1. (AR 268). In addition, a June 2007 MRI of the lumbar spine revealed mild facet spurring at L3-4, L4-5 and L5-S1 with mild stenosis and a central disc protrusion at L5-S1. (AR 278-79). Thus, as the ALJ noted, Dr. Roberts' assessment that the claimant cannot sustain an eight-hour work day conflicts with her own treatment notes as well as the objective medical evidence.

The court has no doubt that the claimant does suffer, to some degree every day, from musculoskeletal and joint pain caused by rheumatoid arthritis. The record, however, does not support a finding that this pain is disabling. The court finds that the ALJ stated "good reasons" for not giving controlling weight to Dr. Roberts' assessment. *See Price v. Commissioner Soc. Sec*., 342 F. App'x 172, 176 (6th Cir. 2009)(ALJ not bound by unsupported statements of impairment). *See also Nejat v. Commissioner Soc. Sec*., No. 09-5193, 2009 WL 498686 (6th Cir. Dec. 22, 2009); *Rabbers v. Commissioner Soc. Sec*., 582 F.3d 647,

6

660-61 (6th Cir. 2009) (ALJ sufficiently supported rejection of treating doctor's assessment by providing reasons why doctor's assessment contrary to other evidence).

The claimant also argues that the ALJ did not consider all of her impairments, specifically her depression, in making his RFC determination.  The ALJ stated:

> Regarding psychological problems, the record indicates that the claimant voiced intermittent complaints of depression and was prescribed medication by Dr. Roberts. (Exhibits 13F/6 and 17F).  The record reveals the claimant underwent a psychological evaluation by Christopher A. Catt, Psy. D on August 22, 2007.  The claimant reported no history of mental health illness or hospitalization for mental health reasons and none was elicited during the psychological evaluation.  Based upon review of the claimant's history and the mental status interview, Dr. Catt gave no psychiatric diagnosis.  He related that the claimant had ordinary stressors of illness and lack of work and money, but no significant psychological issues.  Dr. Catt opined that the claimant was limited but had a satisfactory ability in dealing with work stresses and was capable of functioning adequately in all other areas (Exhibit 18F).  Based on the evidence as a whole, I find that Ms. Vaughn has not had, at any time relevant to this decision, a mental impairment which imposes more than a minimal effect on her ability to perform basic work activities which would last 12 months or more in duration.  Therefore she does not have a "severe" mental impairment (20 CFR 404.1521 and 416.921 and Social Security Rulings 96-3p and 96-4p).

(AR 16).

The court finds the ALJ did consider claimant's claim of depression and found that the medical evidence did not suggest her depression was a severe impairment.  The claimant has not presented any evidence to the contrary.  The only medical report of claimant's mental capacity supports a finding that the claimant does not have a significant mental impairment.  In fact, Dr. Catt opined that the claimant had a good ability to function

7

in all categories except she had a fair ability to understand and remember complex job instructions and to deal with work stresses. The court finds that the ALJ's finding that the claimant does not suffer from a severe mental impairment is supported by substantial evidence. (AR 289-95).

The claimant also argues that the ALJ's hypothetical questions to the vocational expert were not reasonably based upon substantial evidence because the ALJ rejected both Drs. Roberts' and Catt's assessments. As discussed above, the ALJ provided good reasons for giving little to no weight to Dr. Roberts' assessment and the ALJ's failure to incorporate Dr. Roberts' assessment into the hypothetical questions is not error. *Infantado v. Astrue*, 263 F. App'x 469, 477 (6th Cir. 2008).

In addition, Dr. Catt's assessment did not provide any basis for imposing mental limitations on claimant's work activities. In fact, the most limiting aspect of Dr. Catt's assessment is that the claimant has a fair ability to tolerate the stresses of work and to understand, remember and carry out complex job instructions. Dr. Catt opined that the claimant has a good ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, function independently, and maintain concentration. Dr. Catt did not provide any limitations. Accordingly, despite claimant's argument to the contrary, Dr. Catt's assessment does not provide a basis for finding the claimant has a disabling, or even severe, mental impairment.

8

Moreover, it is well established that the hypothetical questions need only incorporate limitations that the ALJ finds are credible. *Griffeth v. Commissioner of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). The court finds that the ALJ's hypothetical questions were supported by substantial evidence and accurately described the claimant's impairments.

In response to the ALJ's hypothetical question, the vocational expert found that a person with the claimant's age, education, past relevant work and the stated limitations could perform the unskilled jobs of production laborer and production machine operator. The vocational expert's testimony constitutes substantial evidence to support the ALJ's determination that a significant number of jobs exist in the economy that the claimant is able to perform. *Id*.

As discussed above, "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." *Alexander v. Apfel*, 17 Fed. App'x. 298 (6th Cir. 2001) (citing *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001)).

The court holds that the findings of the ALJ are supported by substantial evidence. Accordingly, the claimant is not disabled within the meaning of The Social Security Act and the ALJ's decision is affirmed.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the plaintiff (Doc. 12) be, and it hereby is, **denied**; and that the cross-motion for summary judgment of the defendant (Doc. 17) be, and it hereby is, **granted**.  A separate Judgment shall enter concurrently herewith.

This 15th day of March, 2010.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge